LICENSES ☞42(3)—OCCUPATION TAX—PENALTY FOR FAILURE TO PAY—INFORMATION.

Under Rev. St. art. 7355, § 36, providing that there shall be collected from each owner or keeper of every kinetoscope and cinematograph or similar machine or instrument used for profit an annual occupation tax of $25, an information charging defendant with the occupation of keeping a kinetoscope and cinematograph, and a similar machine and instrument used for profit, which show the lifelike motion of persons and animals, the said occupation being taxed by law without first obtaining licenses therefor, and the taxes then and there due by him to the state upon said occupation amounting to $50, and the tax then and there due the county from said occupation amounting to $25, the said taxes due the county having been theretofore duly levied by the commissioners' court of said county, was insufficient, there being no attempt to charge as required by the statute the annual tax, or an allegation to show that more than one annual tax was due.

Appeal from Rains County Court; W. E. Rabb, Judge.

L. H. Harkey was convicted of the occupation of keeping a kinetoscope and cinematograph without first obtaining a license therefor, and appeals. Reversed and remanded.

B. A. Carter and W. F. Shipp, both of Emory, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The complaint and information charge appellant with the occupation of keeping a kinetoscope and cinematograph, and a similar machine and instrument used for profit, which show the lifelike motions of persons and animals, the said occupation being taxed by law, without first obtaining license therefor, and the taxes then and there due by him to the state upon said occupation amounted to $50, and the taxes then and there due the county upon said occupation amounted to $25, the said taxes due the county having been theretofore duly levied by the commissioners' court of said county. The information follows the complaint. This is alleged in the information, and the complaint as well, as having occurred on the 2d day of September, 1916. Article 7355, § 36, of the Revised Civil Statutes levies on the alleged business an annual tax of $25. The commissioners' court was authorized to levy half the amount of the annual tax. In order that the commissioners' court may collect they must, at the time stated in the statute, levy each year occupation taxes equal to one-half of that levied by the state, which is $12.50 in this particular instance. There is no evidence that the commissioners' court of Rains county ever provided for the collection of such occupation tax. The statute above cited requires the payment of an annual tax of $25 each year. The statute limits the amount to be paid, and

requires that it shall be an annual tax. This is, therefore, a limitation placed by the statute itself as to the manner of levying the tax, and the length of time authorized by such levy for following the occupation.

It will be noticed the information charges that on the 2d day of September, 1916, appellant was following such occupation without having paid the tax, which was alleged to be $50. The statute, as before stated, levies $25, not $50 as charged. There was no attempt in the information to charge as required by the statute the annual tax; nor does the information undertake to charge that he has been running for more than one year, requiring more than $25. Where the statute provides the manner and means, the pleadings must follow these definitions and requirements. The punishment provided in the Penal Code for a violation of the statute would be not less than the amount of the tax, nor more than double that amount. The information charges it was $50. The amount of the tax is not that set out in the statute, but double that amount. The punishment awarded by the jury was $75. Whether this included the amount of taxes levied by the commissioners' court would hardly be surmised on account of the fact that no evidence was introduced showing the county had ever levied a tax. The information therefore does not charge a violation of the statute, and if the party had been pursuing the business for more than one year, then suitable allegations should be made to show there was more than one annual tax due. The information therefore, we think, is invalid, and the conviction is wrong. The sheriff, who is also tax collector, testified that appellant paid the tax from the 1st of May, 1916, to the 1st of May, 1917; therefore the year 1916 could not have been included, or ought not to have been included, in the information and complaint.

As the matter is presented, the judgment will be reversed, and the cause remanded.

FERNANDEZ v. STATE. (No. 4671.)

(Court of Criminal Appeals of Texas. Nov. 7, 1917.)

1. CRIMINAL LAW ☞1166½(8) — REVIEW — CHALLENGE FOR CAUSE AFTER EXHAUSTION OF PEREMPTORY CHALLENGES.

If a cause for challenge is well taken, and defendant, having exhausted his peremptory challenges, is forced to take the talesman as a juror, he is entitled to reversal; for peremptory challenges are given to be exercised by defendant independent of challenges for cause.

2. JURY ☞108 — CAUSE FOR CHALLENGE — STATEMENT OF JUROR—PUNISHMENT.

Where a talesman, when tested as to his qualifications to sit as a juror in a prosecution for violating the local option law, stated positively that he would not under any circumstances accord accused the benefit of the suspended sentence law, the statement constituted a cause for challenge.

3. CRIMINAL LAW ☞749 — PLEA FOR SUSPENDED SENTENCE — DETERMINATION BY JURY.

The law accords an accused the right to have a jury pass upon her plea for suspended sentence when filed in proper time.

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Julia Fernandez was convicted of violating the local option law, and she appeals. Judgment reversed, and cause remanded.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted for violating the local option law.

There are various exceptions to the ruling of the court with reference to the admission of testimony. The bills are rather indefinite, and, in view of the disposition of the case, are not discussed. Upon another trial these matters may not occur, and, if so, the bills of exception will be more explicit.

[1] There is a bill of exception reserved which, in substance, shows that, when the jury was called to be impaneled and tested as to their qualifications in this particular case, two of the jurors answered positively that they would not, under any circumstances accord the accused the benefit of the suspended sentence law. These two jurors were challenged for cause. Appellant exhausted her peremptory challenges, and one of the jurors, over her objection, sat on the jury. The court, on the face of the bill of exception, seems to have been under the impression that at the time these causes for challenge were offered appellant had her peremptory challenges. This is not an answer to the question. If a cause for challenge is well taken, and the defendant exhausts his peremptory challenges and is forced to take such juror, he is entitled to reversal. Peremptory challenges are given to be exercised by the accused independent of challenges for cause.

[2, 3] We are of opinion that the court was in error, and further that it constituted a cause for challenge. Appellant properly, and in due time, filed a plea for a suspended sentence. The law accords an accused the right to have a jury pass upon such plea, when filed in proper time. It is a matter of value for an accused to have a suspended sentence awarded if the jury should find against him on the merits of the case and convict.

The judgment is reversed, and the cause remanded.